

LAWRENCE BREWSTER
Regional Solicitor
DAVID M. KAHN
Counsel for Employment Standards
JOSEPH M. LAKE
Trial Attorney
**LEON PASKER**
pasker.leon@dol.gov
*Government Attorney*
Office of the Solicitor
U.S. DEPARTMENT OF LABOR
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7743
Facsimile: (415) 625-7772

Attorneys for Plaintiff

HONORABLE A. HOWARD MATZ

FILED
CLERK, U.S. DISTRICT COURT

June 9, 2010

CENTRAL DISTRICT OF CALIFORNIA
BY: _____NL_____ DEPUTY

RECEIVED
BUT
NOT FILED

JUN - 9 2010

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

LAUNDRY ROOM CLOTHING,
INC., a corporation; MILTON
KANEDA, an individual; and
SHARON KANEDA, an individual;

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV-10-2805AHM(PJWx)

AMENDED COMPLAINT FOR
VIOLATIONS OF THE FAIR
LABOR STANDARDS ACT

HON. A. HOWARD MATZ

- 1 -

1.      Jurisdiction of this action is conferred upon the Court by Sections 15, 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter "the Act"), and 28 U.S.C. §§ 1331 and 1345.

2.      Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to restrain violations of Section 15(a)(1) of the Act by Defendants LAUNDRY ROOM CLOTHING, INC., a corporation; MILTON KANEDA, an individual; and SHARON KANEDA, an individual (together "Defendants"), to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to Section 16(c) of the Act; and, pursuant to Section 17 of the Act, to enjoin Defendants from violating the provisions of the Act, 29 U.S.C. §§ 215-217.

3.      Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in the city of Westminster in the county of Orange, California.

4.      (a)      Defendant Laundry Room Clothing, Inc. is a corporation with an office and a place of business at 7130 Fenwick Avenue, Westminster, California 92683, within the jurisdiction of the Court, and, at all times material hereto, has been engaged in garment manufacturing.

- 2 -

(b)   Defendant Milton Kaneda, an individual, at all times hereinafter mentioned, acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

(c)   Defendant Sharon Kaneda, an individual, at all times hereinafter mentioned, acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

5.   Defendants, at all times material hereto, have had employees in and about the aforesaid place of business producing, handling, or working on goods shipped, distributed, and manufactured outside of the state of California with knowledge or reason to believe that shipment, distribution, or manufacture outside the state of California was intended.  Said employees, by reason of these activities, were and are engaged in commerce or in the production of goods for commerce within the meaning of the Act.

6.   Defendant Laundry Room Clothing, Inc., at all times material hereto, has been engaged in related activities performed through unified operation or common control for a common business purpose, and at all times hereinafter mentioned was an enterprise within the meaning of Section 3(r) of the Act.

7.   Defendant Laundry Room Clothing, Inc., at all times material hereto, has been an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act, in that a) Defendants had employees engaged in commerce,

- 3 -

1   or employees handling, selling, or otherwise working on goods or materials that

2   have been moved in or produced for commerce by any person; and b) said

3   enterprise, at all times material hereto, has had an annual gross volume of sales

4   

5   made or business done of not less than $500,000.

6       8.      Section 15(a)(1) of the Act provides that it shall be unlawful for any

7   person to transport, offer for transportation, ship, deliver, or sell in commerce, or to

8   

9   ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in

10  commerce is intended, any goods in the production of which any employee was

11  

12  employed in violation of Sections 6 or 7 of the Act, 29 U.S.C. §§ 206, 207.

13      9.      Defendants have repeatedly violated the provisions of sections 6 and

14  15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying many of their

15  

16  employees wages at rates less than $7.25 per hour in workweeks when said

17  employees were engaged in commerce and in the production of goods for

18  

19  commerce or were employed in an enterprise engaged in commerce or in the

20  production of goods for commerce, within the meaning of the Act, as aforesaid.

21      10.     Defendants have repeatedly violated, and continue to violate, the

22  provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2),

23  

24  by employing many of their employees who in workweeks were engaged in

25  commerce or in the production of goods for commerce, or who were employed in

26  

27  an enterprise engaged in commerce or in the production of goods for commerce,

28

- 4 -

within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed

11.     During the period from February 16, 2010 to March 31, 2010, Defendants failed to pay between 53 employees for the goods they produced for Defendants.  As a result, during the period from February 16, 2010 to March 31, 2010, employees of Defendants were not paid the minimum wage or overtime pay for all hours worked as required by Sections 6 and 7 of the Act, 29 U.S.C. §§ 206 and 207, thereby violating Section 15(a)(2) of the Act, 29 U.S.C. § 215 (a)(2).

12.     On April 2, 2010, Defendants were informed by investigators of the Wage and Hour Division, U. S. Department of Labor, that goods in their custody, possession, or control were "hot" goods, that is the goods were produced using employees who were employed in violation of sections 6, 7, and 15 (a)(2) of the Act, 29 U.S.C. §§ 206, 207, 215 (a)(2).

13.     Notwithstanding the investigators' request that Defendants not ship these goods, Defendants at the time did not agree to refrain from further shipments in interstate commerce of goods made in violation of Sections 6, 7, and 15(a)(2) of the Act, and at the time such shipments would have been violations of Section 15(a)(1) of the Act, 29 U.S.C. § 215(a)(1).

- 5 -

14.   Defendants have violated provisions of Section 15(a)(1) of the Act by transporting, offering for transportation, shipping, delivering, or selling in commerce, or by shipping, delivering, or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees were employed in violation of Sections 6, 7, and 15 (a)(2) of the Act, 29 U.S.C. §§ 206, 207, 215 (a)(2).

15.   Defendants have violated, and continue to violate, Section 11 and 15(a)(5) of the Act, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in Section 11 of the Act and published in the Federal Register at 29 CFR Part 516.

16.   Defendants have violated, and continue to violate, Section 11 and 15(a)(5) of the Act, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve order, shipping, and billing records made or retained in the usual course of business operations, as prescribed by the regulations promulgated by the Secretary pursuant

- 6 -

to the authority granted in Section 11 of the Act and published in the Federal Register at 29 CFR Part 516.

17.    During the period since February 7, 2009, defendants have willfully and repeatedly violated, and continue to violate, the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

(a)    For an Order, pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from violating the provisions of Sections 6, 7, 11, 15(a)(1), 15(a)(2), and 15(a)(5) of the Act; and

(b)    For a preliminary injunction enjoining and restraining such violations of the Act, pending final judgment herein; and

(c)    For a temporary restraining order enjoining and restraining such violations of the Act, pending final judgment herein; and

(d)    For an Order:

- 7 -

(1)  Pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due to the present and former employees listed in the attached Exhibit A(additional back wages and liquidated damages may be owed to certain employees presently unknown to Secretary for the periods covered by this Complaint); or, in the event liquidated damages are not awarded;

(2)  Pursuant to Section 17 of the Act, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due Defendants' employees, and pre-judgment interest at an appropriate interest rate; and

(c)  For an Order awarding the Secretary the costs of this action; and

(d)  For an Order granting such other and further relief as may be necessary or appropriate.

Dated:  June 8, 2010

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DAVID M. KAHN
Counsel for Employment Standards

- 8 -

JOSEPH M. LAKE
Trial Attorney

LEON PASKER
Trial Attorney

Attorneys for Plaintiff, Secretary of Labor,
United States Department of Labor

- 9 -

**EXHIBIT "A"**

3    Blanca Acevedo

4    Cleo tilde Aguilar

5    Margarita Arrollo

6    Rosalba Arroyo

7    Daniel Avila

8    Hugo Beltran

9    Lucero Benitez

10    Teodora Benitez

11    Juan Blancas

12    Erika Camarena

13    Yadira E Camarena

14    Amalia Campos

15    Luis Canseco

16    Carmen Carrasco

17    Vicente Castellanos

18    Alejandro Castillo

19    Araceli Castro

20    Guadalupe Ceja

21    Leticia J Cisneros

22    Juan Corcuera

23    Melina Cornelio

24    Rosa Cortes

25    Angelina Cortez

26    Patricia Echeverria

27    Dinora Estrada

- 8 -

# EXHIBIT "A"

1

2 Leticia J Estrada

3 Santiago Eusebio

4 Griselda Figueroa

5 Cecilia Garcia

6 Jacinto Garcia

7 Luis B Garcia

8 Ycela Gil

9 Adelina Gomez

10 Santiago Gutierrez

11 Carlos Hernandez

12 Gabriela Hernandez

13 Angela Herrera

14 Veronica Herrera

15 Mark James

16 Elfego Jimenez

17 Jorge Jimenez

18 Justin Kiamco

19 Lucia Lagunas

20 Hilsia Lopez

21 Jose Lopez

22 Nancy Lopez

23 Magdalena Luciano

24 Myan McConico

25 Matilde Macedo

26 Marlen Maldonado

27 Marien Maldonado

28

- 9 -

1

**EXHIBIT "A"**

2    Lucia Martinez

3    Maria A Martinez

4    Severo Mateos

5    Adelina Mentado

6    Maricela Miranda

7    Perla Montero

8    Fidel A Morales

9    Marina Morales

10   Josefina Moralez

11   Lucia Monico

12   Concepcion Munoz

13   Phu Nguyen

14   Maria Nunez

15   Natividad T Ortan

16   Norma Olvera

17   Pedro Osorio

18   Raul Padilla

19   Lorena Partida

20   Imelda Pedrasa

21   Guadalupe Peralta

22   Eloisa Perez

23   Eloy Perez

24   Silvia Perez

25   An B Phan

26   Olivia Raymundo

27   Francisca Rayo

28

- 10 -

# EXHIBIT "A"

1

2  Maria L Rayo

3  Maria A Rayo

4  Maria de Los Angeles Rayo

5  Olivia Rayo

6  Guadalupe Ramirez

7  Juan Ramirez

8  Luis Ramirez

9  Manuel H Ramirez

10  Rosalinda Robledo

11  Rosalinda Roblera

12  Hugo Rodriguez

13  Maria Rodriguez

14  Juan Diego Ruiz

15  Erika Salas

16  Benjamin Salmoran

17  Maria E Salvatierra

18  Guadalupe Samperio

19  Hector Santana

20  Cecilia Santillan

21  Miguel A Silva

22  Lonnie Stephens

23  Josefina Tomas

24  Martha Trejo

25  Carmen N Telfes

26  Guadalupe Vasquez

27  Maria G Vasquez

28

- 11 -

1

**EXHIBIT "A"**

2    Maria Monica M Vasquez

3    Gabriela Vazquez

4    Maria L Vazquez

5    Martha Vazquez

6    Monica Vazquez

7    Yolanda Vasquez

8    Carlos F Vega

9    Geovany Vega

10   Irene Vega

11   Edgar Villaverde

12   Valentin Villaverde

13   Carmen Villeda

14   Fileman Zablan

15   Antonio Zaragoza

16   Susana Zarate

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

1    LAWRENCE BREWSTER
     Regional Solicitor
2    DAVID M. KAHN
3    Counsel for Employment Standards
4    **LEON PASKER**
     pasker.leon@dol.gov
5    *Government Attorney*
6    **JOSEPH M. LAKE** (Cal. Bar No. 246679)
     lake.joseph@dol.gov
7    Office of the Solicitor
8    U.S. DEPARTMENT OF LABOR
     90 Seventh Street, Suite 3-700
9    San Francisco, CA 94103
10   Telephone: (415) 625-7758
11   Facsimile: (415) 625-7772

12   Attorneys for Plaintiff

13

         **UNITED STATES DISTRICT COURT**

         **CENTRAL DISTRICT OF CALIFORNIA**

16

17   HILDA L. SOLIS, Secretary of Labor,     )
     United States Department of Labor,      )

                            )

18            Plaintiff,          )

19   v.                               )

20   LAUNDRY ROOM CLOTHING,       )

21   INC., a corporation, MILTON         )

22   KANEDA, an individual, SHARON     )
     KANEDA, and individual,          )

23                             )

24           Defendants.       )

         DECLARATION OF
         INVESTIGATOR IN SUPPORT
         OF TEMPORARY RESTRAINING
         ORDER
         **CV10-2805 AHM (PJWx)**

         Case No. _____

         Hon. _____

25

26       <u>**DECLARATION OF INVESTIGATOR IN SUPPORT**</u>

27         <u>**OF TEMPORARY RESTRAINING ORDER**</u>

28     Now comes Victor M. Rojas , and states as follows:

                       *Page 1 of 7*

                   **EXHIBIT "A"**

1        1.      I am and at all times hereinafter mentioned have been employed by
2    the Wage and Hour Division of the United States Department of Labor as an Inves-
3    tigator in the San Diego, California District office.

4        2.      I am responsible for conducting investigations of employers under the
5    various statutes which the U.S. Department of Labor is charged with enforcing, in-
6    cluding, but not limited to the Fair Labor Standards Act of 1938, as amended 29
7    U.S.C. § 201 et seq.("FLSA").

8        3.      During the period from approximately September 30, 2009, through
9    the present, I have served as the lead investigator for Wage and Hour on an inves-
10   tigation into the payment practices of defendant Laundry Room Clothing ("LRC")
11   and various businesses that contracted with it to purchase women's apparel. I have
12   personal knowledge of or I have reviewed the information gathered by other inves-
13   tigators of Wage and Hour and which is presented in this Declaration.

14       5.      Based on the facts gathered in this investigation and set forth in this
15   Declaration, Wage and Hour has found that LRC has contracted to manufacture
16   women's apparel for at least two clothing retailers. During the period from Febru-
17   ary 16, 2010 to March 31, 2010, LRC did not pay its employees who assembled
18   the clothing the minimum wage and overtime as required by the FLSA. Wage and
19   Hour has also found that LRC has shipped and intends to ship clothing made dur-
20   ing time periods when workers were not paid at least the minimum wage and/or
21   overtime in violation of the hot goods provisions.

22       6.      Defendant LRC is a garment manufacturer.  LRC contracts out a por-
23   tion of the manufacturing to an outside contractor.  In the garment industry, it is
24   usually the contractors or garment shops which actually sew and assemble the
25   garments pursuant to contracts with manufacturers.  The manufacturer oversees the
26   production of garments from design to marketing and then delivery to the retailers.
27   The manufacturer owns the rights to the design as well as the materials including
28   thread, labels, and fabric from which the garments are made.  In this case, LRC

*Page 2 of 7*

**EXHIBIT "A"**

1 oversees the production of garments including designing, assembling, marketing,
2 and delivering to retailers in California and in other states. LRC contracts the sew-
3 ing of the garments to a contractor in Tijuana, Mexico. Once the sewing is com-
4 pleted, the goods are returned to the LRC warehouse where LRC assembles and
5 finishes the garments. When LRC completes the assembly of the garments, the
6 goods are shipped to various retailers where they are sold to consumers.

7      7.   LRC's garment manufacturing facility is located at 7130 Fenwick
8 Avenue, Westminster, California.

9      8.   Wage and Hour's investigation began on or about September 13, 2009,
10 in response to a complaint by an employee of LRC that that company had missed
11 all or portions of weeks of payroll for the period from March 1, 2009, through the
12 date of the employee's complaint.

13      9.   In response to the complaint, I and several other Wage and Hour in-
14 vestigators visited the LRC shop on October 23, 2009. We were granted access to
15 the manufacturing facility, and we conducted interviews of employees. I, along
16 with other Wage and Hour investigators were told by one employee that she and 30
17 other employees had not been paid by LRC for the last three pay periods. I was
18 also told by several employees that they had received paychecks from LRC that
19 were returned due to "insufficient funds." Two employees told me that goods they
20 produced were sold to clothing retailers throughout the United States. After inter-
21 viewing numerous employees, I conducted an initial conference with the person
22 who identified himself as the owner of LRC, Milton Kaneda ("Kaneda"), and with
23 Filemon Angelo Zablan, director of operations at LRC. Kaneda told me that the
24 annual dollar volume for LRC in 2008 was $2.5 million, and was expected to reach
25 at least $1 million for 2009. I reviewed the articles of incorporation of LRC, and
26 Sharon Kaneda is listed as a principal.

27
28

*Page 3 of 7*

**EXHIBIT "A"**

10.    On October 23, 2009, I informed Kaneda of the complaints of the employees and the allegations of missed payroll. Kaneda acknowledged the missed payrolls.

11.    On December 17, 2009, I conducted a final conference with Kaneda and his lay representative, Jesse Atilano. As the result of the conference, Kaneda, on behalf of LRC, entered into an agreement dated December 17, 2009, with the Department of Labor to, inter alia, pay minimum wages owed to 79 employees totaling $172,050.02, and to pay overtime wages owed to 78 employees totaling $141,938.98. Kaneda, on behalf of LRC, agreed to pay the back wages in monthly installments over a two-year period beginning with an immediate down payment. A true and correct copy of the back wage compliance agreement and payment agreement is attached hereto as Exhibit ("Ex.") A. LRC paid the initial down payment at the execution of the agreement. To date, LRC has made no additional payments pursuant to the agreement.

12.    On or about January 11, 2010, Wage and Hour received another complaint from an employee of LRC that the company had failed to pay her and approximately 30 other employees for the last three pay periods. Other LRC employees substantiated the complaints of missed payroll during the same period.

13.    On January 13, 2010, I visited LRC's manufacturing facility. I, along with other Wage and Hour investigators, interviewed employees and took a partial inventory of the garments at the facility. While we were taking the inventory of the goods, Kaneda contacted his lay representative via telephone, which representative threatened to call the police if we did not leave the LRC facility immediately. As the result of the employee interviews and review of payroll records, I, along with other Wage and Hour investigators, determined that some of the goods had been manufactured by LRC employees who had not been paid minimum wages and overtime in violation of the Fair Labor Standards Act ("FLSA") in the amount of $24,684.50 and $6,136.15, respectively for the period from December 1,

2009 through January 15, 2010. On January 13, 2010, I served Kaneda with a violation summary letter, and a 72-hour notice to produce payroll and production records. I also informed Kaneda of Wage and Hour's objection to the shipment of such goods pursuant to the hot goods provision of the FLSA. But Kaneda shipped the goods despite Wage and Hour's objection.

14.    On January 26, 2010, LRC's lay representative brought to the Wage and Hour office cashiers checks totaling $26,095.97 purporting to compensate employees for the back wages owed arising out of the January 13, 2010, investigation. The Wage and Hour investigation currently shows that not all back wages owed for this period have been paid.

15.    On or about March 25, 2010, Wage and Hour received additional complaints from LRC employees that LRC did not pay the entire payroll for pay periods from February 16, 2010 through March, 15, 2010.

16.    On April 2, 2010, I visited the LRC manufacturing facility for the third time. I interviewed employees who told me that they had either not been paid any of their wages or had been paid only a portion of their bi-weekly wages for the period from February 16, 2010 through March 31, 2010, the "subject period." Employees informed me of the type and approximate number of garments that had been manufactured during the subject period. I observed a large number of garments in the warehouse hanging on racks or in boxes or bins. I and other Wage and Hour investigators took photographs of some of the garments. I and other Wage and Hour investigators also began to take a partial inventory the garments in the warehouse and matched some of the garments that had been manufactured within the subject period during which LRC failed to pay minimum wages and overtime to the employees who produced the garments. Kaneda permitted us to interview and inventory for only 45 minutes before we were told to leave the premises. An employee informed me that a majority of the goods produced during the subject period had already been shipped to one of the retailers. I informed Kaneda

1   that LRC had failed to pay wages pursuant to the FLSA for the third time in six

2   months. I also handed Kaneda the Wage and Hour notice to restrain goods, a 72-

3   hour notice to produce records, and a draft agreement to participate in retail contact

4   on April 2, 2010. True and correct copies of the documents I provided are attached

5   hereto as Ex. "B". I asked Kaneda if he would voluntarily refrain from shipping

6   the hot goods. Kaneda did not respond.

7        17.   Since April 2, 2010, I have received some payroll records from the

8   employer, invoices and production records. For the period from February 16,

9   2010, to February 28, 2010, payroll records show that LRC failed to pay minimum

10  wages in the amount of $ $38,977 owed to 49 employees including salaried em-

11  ployees and officers of the corporation. Several employees told me that they had

12  received $100 to $200 cash payment in lieu of wages. I estimate that currently

13  wages owed for this period from February 16, 2010, to February 28, 2010, are ap-

14  proximately $34,680.95. For the period from March 16, 2010 to March 31, 2010,

15  payroll records show that LRC failed to pay wages totaling approximately $82,660

16  to 50 employees

17       18.   LRC has not provided me with payroll records for the period from

18  March 1, 2010, to March 15, 2010. Based on employee statements of hours

19  worked during that period, I have reconstructed the amount owed for minimum

20  wages and overtime at $63,440 for this period. A true and correct copy of the

21  schedule of back wages owed is attached hereto as Ex. "C".

22       19.   LRC produced some production records and invoices that, along with

23  my inventory of April 2, 2010, provided me with the information necessary to

24  identify many of the goods produced during the period from February 16, 2010,

25  through March 31, 2010, that I believe remain in the LRC warehouse as of the date

26  of my declaration. A true and correct copy of the schedule of goods in the ware-

27  house on April 2, 2010, is attached hereto as Ex. "D".

28

**EXHIBIT "A"**

20.   Employees stated and invoices produced by LRC show some of the goods produced were shipped to a clothing retailer between February 18, 2010, through March 9, 2010. Other garments produced when employees were not fully compensated have not yet been shipped by LRC

21.   LRC has provided me with production records and payroll records piecemeal. For example, I have not yet received payroll records for March 1, 2010, through March 15, 2010, daily payroll entries for the entire investigative period, and full production records.

22.   On April 13, 2010, I visited the LRC warehouse to determine if the "hot goods" had been shipped. Some of the "hot goods" I identified as labeled to a major retailer were on a shipping pallet near the warehouse exit.

23.   On April 14, 2010, I was informed that Mr. Atilano contacted Wage and Hour's Assistant District Director Paul Chang to ask if Wage and Hour would lift its objection to the goods being shipped if LRC paid $80,000 in back wages. Mr. Atilano did not agree that LRC would refrain from shipping any of the identified "hot goods."

24.   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ___4/ - 16 - 2010___

By: _____

VICTOR M. ROJAS

*Page 7 of 7*

**EXHIBIT "A"**

UNITED STATES DEPARTMENT OF LABOR
EMPLOYMENT STANDARDS ADMINISTRATION
WAGE AND HOUR DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - -
IN THE MATTER OF:
Laundry Room Clothing
- - - - - - - - - - - - - - - - - - - - - - - - - - -

BACK WAGE COMPLIANCE AND PAYMENT AGREEMENT

This agreement is entered into 12/17/2009 by and between the Secretary of Labor, United States Department of Labor (hereinafter referred to as "the Secretary"), and Laundry Room Clothing (hereinafter referred to as "the employer").

The Secretary, through Investigator Rojas of the Wage and Hour Division, United States Department of Labor, conducted an investigation of the employer's business under the Fair Labor Standards Act. The main office of the employer is located at 7130 Fenwick, Westminster CA 92683. The investigation covered the employer's operations from 10/24/2007 to 10/23/2009.

As a result of that investigation monetary violations were found resulting in 79 employee(s) due back wages in the amount of $313,989.70.

In order to resolve this matter, the parties to this Agreement stipulate and agree to the following:

   1.   The employer represents that it is presently in full compliance with all applicable provisions of the Fair Labor Standards Act, and will continue to comply therewith in the future.

   2.   The employer agrees to pay the back wages due the employees in question in the amounts shown for the periods indicated on the Summary of Unpaid Wages and the Listing of Payments by Employee both of which are attached hereto and made a part hereof.

   3.   Laundry Room Clothing agrees to pay directly to the employees the amounts due (less legal payroll deductions) on or before each payment date set forth in the Schedule of Payments below and to deliver to the Secretary's representative by the 17th of each month evidence of payment including any signed WH-58 receipt forms the employer has received at that time.

Amounts and payment due dates under the Installment Agreement are set forth in the Schedule of Payments below:

Initial Payment: $26,095.67

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 01/17/2010 | $11,995.58 | $31.33 | $12,026.91 |
| 2 | 02/17/2010 | $11,995.58 | $84.13 | $12,079.71 |
| 3 | 03/17/2010 | $11,995.58 | $148.14 | $12,143.72 |
| 4 | 04/17/2010 | $11,995.58 | $118.04 | $12,113.62 |
| 5 | 05/17/2010 | $11,995.58 | $70.67 | $12,066.25 |
| 6 | 06/17/2010 | $11,995.58 | $265.74 | $12,261.32 |
| 7 | 07/17/2010 | $11,995.58 | $201.86 | $12,197.44 |
| 8 | 08/17/2010 | $11,995.58 | $246.32 | $12,241.90 |
| 9 | 09/17/2010 | $11,995.58 | $230.37 | $12,225.95 |

EXHIBIT "A"

EXHIBIT "A"

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 10 | 10/17/2010 | $11,995.58 | $289.32 | $12,284.90 |
| 11 | 11/17/2010 | $11,995.58 | $357.54 | $12,353.12 |
| 12 | 12/17/2010 | $11,995.58 | $335.98 | $12,331.56 |
| 13 | 01/17/2011 | $11,995.58 | $558.16 | $12,553.74 |
| 14 | 02/17/2011 | $11,995.58 | $240.71 | $12,236.29 |
| 15 | 03/17/2011 | $11,995.58 | $504.31 | $12,499.89 |
| 16 | 04/17/2011 | $11,995.58 | $438.56 | $12,434.14 |
| 17 | 05/17/2011 | $11,995.58 | $712.48 | $12,708.06 |
| 18 | 06/17/2011 | $11,995.58 | $366.33 | $12,361.91 |
| 19 | 07/17/2011 | $11,995.58 | $559.59 | $12,555.17 |
| 20 | 08/17/2011 | $11,995.58 | $730.84 | $12,726.42 |
| 21 | 09/17/2011 | $11,995.58 | $508.63 | $12,504.21 |
| 22 | 10/17/2011 | $11,995.58 | $805.96 | $12,801.54 |
| 23 | 11/17/2011 | $11,995.58 | $527.08 | $12,522.66 |
| 24 | 12/17/2011 | $11,995.69 | $664.64 | $12,660.33 |
| | Totals: | $287,894.03 | $8,996.73 | $296,890.76 |

4.   The employer has the right to prepay the installment agreement in part or in full at any time without penalty. The employer also has the right to make additional payments towards the principal on any installment due date, but if the employer exercises this privilege, it will not excuse payments due in subsequent months.

5.   Should the employer fail to make any agreed payment as scheduled, the entire unpaid balance will immediately become due and payable, together with such additional collection and court costs as may be incurred by the U.S. Department of Labor in pursuing collection.

6.   The employer agrees to provide the Secretary's representative with a listing of all unlocated employees, their last known address, social security number (if possible), and their gross and net amounts due as soon as the employer determines that they are unable to locate an employee due back wages, but no later than 30 days from the employer's initial attempt to pay that employee. The District Office will notify the employer when a person has been located to issue a check. The employer should indicate what means were used to attempt to locate the employee.

7.   In the event that any employees cannot be located, or refuse to accept the back wages, the employer agrees to deliver to the Secretary's representative a cashier's or certified check, payable to "Wage and Hour Division - Labor" to cover the total net due all such employees on or before 03/16/2012. After three years, any monies which have not been distributed because of inability to locate the proper persons or because of their refusal to accept payment shall be covered into the Treasury of the United States as miscellaneous receipts.

8.   The employer agrees to provide the Secretary's representative no later than 03/16/2012 any remaining signed WH-58 receipt forms not yet provided to Wage and Hour or a canceled check (or some reasonable facsimile) for every person the employer has paid per this agreement.

9.   The employer hereby waives all rights and defenses which may be available by virtue of statute of limitations,

EXHIBIT "A"

# EXHIBIT "A"

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|

including but not limited to section 6 of the Portal-to-Portal Act (29 U.S.C. 255).

10.  This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Improvement Act of 1996 and departmental policies. Interest will be assessed at the Treasury Tax and loan account rate on any principal that becomes delinquent. This rate is currently 3.0 %. Administrative cost charges will be assessed to help defray the Government's cost. A penalty at the rate of 6.0 % will be assessed on any portion of the debt remaining delinquent for more than 90 days.

11.  In the event of default, the Department intends to pursue additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

12.  Any rights to challenge or contest the validity of this Agreement are hereby waived.

13.  By entering into this agreement, the Wage Hour Division does not waive its right to conduct future investigations under the Fair Labor Standards Act and to take appropriate enforcement action, including assessment of civil money penalties, with respect to any violations disclosed by such investigations.

Approved by the following parties:

Laundry Room Clothing
BY ITS OFFICER

Title _____Pres_____

Dated: ___10/17/09___

UNITED STATES DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION

Ass't. District Director

Dated: ___12/22/2009___

EXHIBIT "A"

**EXHIBIT "A"**

U.S. DEPARTMENT OF LABOR

Installment Amortization Schedule
Installment Agreement Date: 12/17/2009

Case No:   1557352
Employer:   Laundry Room Clothing

| Beginning Payment Date: | 01/17/2010 | | Ending Payment Date: | 12/17/2011 |
| Total BW Amount: | $313,989.70 | | Current Interest Rate: | 3.0 % |
| | | | Number Of Payments: | 24 |
| Initial Payment: | $26,095.67 | | Pay Period: | Monthly |

| EE Name /<br>3rd Party | Principal | Interest | Total<br>Payment |
|---|---|---|---|
| **Date Due:   12/17/2009** | | | |
| Margarita Arrollo | $69.80 | $0.00 | $69.80 |
| Melina Cornelio | $56.00 | $0.00 | $56.00 |
| Jorge Jimenez | $741.01 | $0.00 | $741.01 |
| Yolanda Vasquez | $176.00 | $0.00 | $176.00 |
| Eloy Perez | $408.00 | $0.00 | $408.00 |
| An Phan | $6,636.00 | $0.00 | $6,636.00 |
| Juan Diego Ruiz | $777.00 | $0.00 | $777.00 |
| Santiago Eusebio | $6,736.25 | $0.00 | $6,736.25 |
| Adelina Mentado | $6,768.75 | $0.00 | $6,768.75 |
| Maricela Miranda | $3,726.86 | $0.00 | $3,726.86 |
| **Date Due:   01/17/2010** | | | |
| Maricela Miranda | $1,995.14 | $4.99 | $2,000.13 |
| Phu Nguyen | $2,243.13 | $5.61 | $2,248.74 |
| Maria Nuñez | $7,757.31 | $20.73 | $7,778.04 |
| **Date Due:   02/17/2010** | | | |
| Maria Nuñez | $535.69 | $1.34 | $537.03 |
| Pedro Osorio | $5,967.00 | $29.84 | $5,996.84 |
| Erica Salas | $2,492.00 | $12.46 | $2,504.46 |
| Cecilia Santillan | $3,000.89 | $40.49 | $3,041.38 |
| **Date Due:   03/17/2010** | | | |

EXHIBIT "A"

EXHIBIT "A"

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| Cecilia Santillan | $5,097.11 | $12.74 | $5,109.85 |
| Miguel Silva | $6,789.27 | $50.92 | $6,840.19 |
| Guadalupe Vazquez | $109.20 | $84.48 | $193.68 |
| **Date Due:   04/17/2010** | | | |
| Guadalupe Vazquez | $11,154.28 | $27.89 | $11,182.17 |
| Carmen Villeda | $706.00 | $7.06 | $713.06 |
| Antonio Zaragoza | $135.30 | $83.09 | $218.39 |
| **Date Due:   05/17/2010** | | | |
| Antonio Zaragoza | $8,173.70 | $20.43 | $8,194.13 |
| Blanca Acevedo | $3,821.88 | $50.24 | $3,872.12 |
| **Date Due:   06/17/2010** | | | |
| Blanca Acevedo | $197.12 | $0.49 | $197.61 |
| Lucero Benitez | $4,937.64 | $74.06 | $5,011.70 |
| Amalia Campos | $6,860.00 | $102.90 | $6,962.90 |
| Vicente Castellanos | $0.82 | $88.29 | $89.11 |
| **Date Due:   07/17/2010** | | | |
| Vicente Castellanos | $5,885.18 | $14.71 | $5,899.89 |
| Angelina Cortez | $4,794.00 | $83.90 | $4,877.90 |
| Patricia Echeverria | $1,316.40 | $103.25 | $1,419.65 |
| **Date Due:   08/17/2010** | | | |
| Patricia Echeverria | $4,583.60 | $11.46 | $4,595.06 |
| Leticia Estrada | $5,225.00 | $104.50 | $5,329.50 |
| Santiago Gutierrez | $2,186.98 | $130.36 | $2,317.34 |
| **Date Due:   09/17/2010** | | | |
| Santiago Gutierrez | $4,331.02 | $10.83 | $4,341.85 |
| Mark James | $3,310.00 | $74.48 | $3,384.48 |
| Magdalena Luciano | $4,354.56 | $145.06 | $4,499.62 |
| **Date Due:   10/17/2010** | | | |
| Magdalena Luciano | $2,092.44 | $5.23 | $2,097.67 |

EXHIBIT "A"

EXHIBIT "A"

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| Perla Montero | $2,041.08 | $51.03 | $2,092.11 |
| Josefina Moralez | $3,668.00 | $91.70 | $3,759.70 |
| Raul Padilla | $4,194.06 | $141.36 | $4,335.42 |
| **Date Due    11/17/2010** | | | |
| Raul Padilla | $1,460.45 | $3.65 | $1,464.10 |
| Guadalupe Peralta | $3,391.00 | $93.25 | $3,484.25 |
| Luis Ramirez | $7,144.13 | $260.64 | $7,404.77 |
| **Date Due    12/17/2010** | | | |
| Luis Ramirez | $2,333.87 | $5.83 | $2,339.70 |
| Olivia Raymundo | $5,122.00 | $153.66 | $5,275.66 |
| Rosalinda Roblero | $4,539.71 | $176.49 | $4,716.20 |
| **Date Due    01/17/2011** | | | |
| Rosalinda Roblero | $1,343.29 | $3.36 | $1,346.65 |
| Guadalupe Samperio | $4,610.00 | $149.82 | $4,759.82 |
| Josefina Tomas | $5,614.29 | $182.46 | $5,796.75 |
| Martha Trejo | $428.00 | $222.52 | $650.52 |
| **Date Due    02/17/2011** | | | |
| Martha Trejo | $6,418.76 | $16.05 | $6,434.81 |
| Gabriela Vasquez | $5,576.82 | $224.66 | $5,801.48 |
| **Date Due    03/17/2011** | | | |
| Gabriela Vasquez | $842.18 | $2.11 | $844.29 |
| Monica Vasquez | $6,986.00 | $261.98 | $7,247.98 |
| Martha Vazquez | $4,167.40 | $240.22 | $4,407.62 |
| **Date Due    04/17/2011** | | | |
| Martha Vazquez | $2,238.60 | $5.60 | $2,244.20 |
| Geovany Vega | $4,779.00 | $191.16 | $4,970.16 |
| Edgar Villaverde | $4,335.00 | $173.40 | $4,508.40 |
| Cleotilde Aguilar | $642.98 | $68.40 | $711.38 |
| **Date Due    05/17/2011** | | | |

EXHIBIT "A"

# EXHIBIT "A"

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| Cleotilde Aguilar | $1,067.02 | $2.67 | $1,069.69 |
| Teodora Benitez | $1,407.00 | $59.80 | $1,466.80 |
| Juan Blancas | $2,784.00 | $118.32 | $2,902.32 |
| Luis Canseco | $1,567.00 | $66.60 | $1,633.60 |
| Araceli Castro | $1,245.00 | $52.91 | $1,297.91 |
| Jacinto Garcia | $2,588.00 | $109.99 | $2,697.99 |
| Ycela Gil | $1,337.56 | $302.19 | $1,639.75 |
| **Date Due: 06/17/2011** | | | |
| Ycela Gil | $5,772.75 | $14.43 | $5,787.18 |
| Adelina Gomez | $3,930.00 | $176.85 | $4,106.85 |
| Gabi Hernandez | $2,292.83 | $175.05 | $2,467.88 |
| **Date Due: 07/17/2011** | | | |
| Gabi Hernandez | $1,597.17 | $3.99 | $1,601.16 |
| Veronica Herrera | $693.00 | $32.92 | $725.92 |
| Angela Herrera | $3,860.00 | $183.35 | $4,043.35 |
| Lucia Lagunas | $2,978.00 | $141.46 | $3,119.46 |
| Jose Lopez | $2,587.51 | $122.91 | $2,710.42 |
| Maria Martinez | $279.90 | $74.96 | $354.86 |
| **Date Due: 08/17/2011** | | | |
| Maria Martinez | $1,298.10 | $3.25 | $1,301.35 |
| Lucia Martinez | $5,121.00 | $256.05 | $5,377.05 |
| Concepcion Munoz | $5,217.00 | $260.85 | $5,477.85 |
| Norma Olvera | $359.48 | $210.69 | $570.17 |
| **Date Due: 09/17/2011** | | | |
| Norma Olvera | $3,854.40 | $9.64 | $3,864.04 |
| Imelda Pedrasa | $6,404.77 | $336.25 | $6,741.02 |
| Manuel Ramirez | $1,736.41 | $162.74 | $1,899.15 |
| **Date Due: 10/17/2011** | | | |
| Manuel Ramirez | $1,363.33 | $3.41 | $1,366.74 |
| Maria Rodriguez | $4,071.52 | $223.93 | $4,295.45 |

EXHIBIT "A"

EXHIBIT "A"

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| Irene Vega | $2,281.20 | $125.47 | $2,406.67 |
| Susana Zarate | $2,532.00 | $139.26 | $2,671.26 |
| Hugo Beltran | $1,685.00 | $92.68 | $1,777.68 |
| Carmen Carrasco | $62.53 | $221.21 | $283.74 |
| **Date Due    11/17/2011** | | | |
| Carmen Carrasco | $3,959.47 | $9.90 | $3,969.37 |
| Lucia Monico | $4,569.00 | $262.72 | $4,831.72 |
| Eloisa Perez | $2,927.00 | $168.30 | $3,095.30 |
| Justin Kiamco | $540.11 | $86.16 | $626.27 |
| **Date Due    12/17/2011** | | | |
| Justin Kiamco | $958.40 | $2.40 | $960.80 |
| Myan McConico | $1,215.00 | $72.90 | $1,287.90 |
| Guadalupe Ramirez | $1,681.00 | $100.86 | $1,781.86 |
| Carlos Hernandez | $2,103.75 | $126.23 | $2,229.98 |
| Alejandro Castillo | $1,072.00 | $64.32 | $1,136.32 |
| Griselda Figueroa | $1,474.00 | $88.44 | $1,562.44 |
| Hector Santana | $1,435.00 | $86.10 | $1,521.10 |
| Valentin Villaverde | $734.66 | $44.08 | $778.74 |
| Carlos Vega | $1,321.88 | $79.31 | $1,401.19 |
| | $313,989.70 | $8,996.73 | $322,986.43 |

EXHIBIT "A"

EXHIBIT "A"

## Summary of Unpaid Wages

### U.S. Department of Labor
Employment Standards Administration

Wage and Hour Division



| ( Office Address) | San Diego, Orange Area Office 770 The City Drive South Suite 5710 Orange, CA 92868-4954 714-521-1650 | Investigator: **Victor Rojas** | | Date: **12/17/2009** |
|---|---|---|---|---|
| | | Employer Fed Tax ID Number   26-2060614 | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| Acevedo, Blanca | 8100 Park Plaza #103 Long Beach, CA 90806 | 04/18/2009 to  08/15/2009 | | $4,019.00 |
| Aguilar, Cleotilde | 7852 10th St. #D Westminster, CA 92683 | 05/02/2009 to  06/20/2009 | | $1,710.00 |
| Arrolio, Margarita | 2424 W. First Santa Ana, CA 92703 | 02/07/2009 to  02/28/2009 | | $69.80 |
| Beltran, Hugo | 8052 Larson #A Garden Grove, CA 92844 | 05/16/2009 to  07/04/2009 | | $1,685.00 |
| Benitez, Lucero | 1227 W 2nd St. Santa Ana, CA 92703 | 04/18/2009 to  10/17/2009 | | $4,937.64 |
| Benitez, Teodora | 7246 Fenway Dr. #C Westminster, CA 92683 | 05/02/2009 to  06/20/2009 | | $1,407.00 |
| Blancas, Juan | 7812 Santa Barbar Ave. Stanton, CA 90680 | 05/02/2009 to  08/01/2009 | | $2,784.00 |
| Campos, Amalia | 1814 W Glenwood PL. Santa Ana, CA 92704 | 04/18/2009 to  10/17/2009 | | $6,860.00 |
| Canseco, Luis | 4120 W. 5th St. #6D Santa Ana, CA 92703 | 05/02/2009 to  06/06/2009 | | $1,567.00 |
| Carrasco, Carmen | 11751 Santa Rosalia St. Stanton, CA 90680 | 05/16/2009 to  10/17/2009 | | $4,022.00 |
| Castellanos, Vicente | 12674 Buerost #B Garden Grove, CA 92840 | 04/18/2009 to  10/17/2009 | | $5,886.00 |
| Castillo, Alejandro | 1614 2nd St. Santa Ana, CA 92703 | 06/20/2009 to  08/01/2009 | | $1,072.00 |
| Castro, Araceli | 727 S. Lyon  apt# E005 Santa Ana, CA 92705 | 05/02/2009 to  06/20/2009 | | $1,245.00 |
| Cornelio, Melina | 1514 N. English St. Santa Ana, CA 92706 | 02/07/2009 to  02/28/2009 | | $56.00 |
| Cortez, Angelina | 942 W. Bishop apt#9 Santa Ana, CA 92703 | 04/18/2009 to  08/15/2009 | | $4,794.00 |
| Echevarria, Patricia | 133 N Susan St. Cerritos, CA  90703 | 04/18/2009 to  10/17/2009 | | $5,900.00 |
| | | | TOTAL | $313,989.70 |

I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by

12/17/2011

Signed: _____

Employer Name and Address:

*Laundry Room Clothing*

*7130 Fenwick*

*Westminster, CA 92683*

* Column 4-Code

| | |
|---|---|
| FLSA | 1 |
| PCA | 2 |
| SCA | 3 |
| DBRA | 4 |
| CWHSSA | 5 |
| CCPA | 6 |
| FMLA | 7 |

Form WH-56

Page 1

Date: 12/17/2009 4:47:19 PM

Case ID: 1557352

EXHIBIT "A"

**EXHIBIT "A"**

# Summary of Unpaid Wages

## U.S. Department of Labor
Employment Standards Administration

Wage and Hour Division



| ( Office Address) | San Diego, Orange Area Office | Investigator: | Date: |
| | 770 The City Drive South | Victor Rojas | 12/17/2009 |
| | Suite 5710 | | |
| | Orange, CA  92868-4954 | Employer Fed Tax ID Number | 26-2060614 |
| | 714-621-1650 | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| Estrada, Leticia | 1832 West Crestwood Ave. #5 Anaheim, CA 92804 | 04/18/2009 to 08/15/2009 | | $5,225.00 |
| Eusobio, Santiago | 2538 E. Park Lane #A Anaheim, CA 92806 | 04/04/2009 to 10/17/2009 | | $6,736.25 |
| Figueroa, Griselda | 957 S. Citron St. Anaheim, CA 92805 | 06/20/2009 to 08/01/2009 | | $1,474.00 |
| Garcia, Jacinto | 14300 Clinton St. #159 Garden Grove, CA 92843 | 05/02/2009 to 09/05/2009 | | $2,588.00 |
| Gil, Ycela | 14072 S. C St. Tustin, CA 92780 | 05/02/2009 to 10/17/2009 | | $7,110.31 |
| Gomez, Adelina | 1500 N Harbor Blvd Santa Ana, CA 92703 | 05/02/2009 to 08/01/2009 | | $3,930.00 |
| Gutierrez, Santiago | 8840 Tina Way # A Anaheim, CA 92804 | 04/18/2009 to 10/17/2009 | | $6,518.00 |
| Hernandez, Carlos | 210 W. Vermont Ave. #102 Anaheim, CA 92805 | 06/20/2009 to 08/15/2009 | | $2,103.75 |
| Hernandez, Gabi | 15261 Van Buren #53 Midway City, CA 92655 | 05/02/2009 to 10/17/2009 | | $3,890.00 |
| Herrera, Angela | 17422 Toledo # E Huntington Beach, CA 92647 | 05/02/2009 to 10/17/2009 | | $3,860.00 |
| Herrera, Veronica | 8903 Hewitt #4 Garden Grove, CA 92844 | 05/02/2009 to 06/06/2009 | | $693.00 |
| James, Mark | 2973 Harbor Blvd. #671 Costa Mesa, CA 92626 | 04/18/2009 to 09/19/2009 | | $3,310.00 |
| Jimenez, Jorge | 1306 N Sunshine Way  #1 Anaheim, CA 92806 | 02/07/2009 to 02/28/2009 | | $741.01 |
| Klamco, Justin | 8481 Torchwood Circle Westminster, CA 92683 | 06/06/2009 to 08/15/2009 | | $1,498.51 |
| Lagunas, Lucia | 3200 W. 5th Street #1304 Santa Ana, CA 92703 | 05/02/2009 to 07/04/2009 | | $2,978.00 |
| Lopez, Jose | 12131 Tamerlane Dr. #D Garden Grove, CA 92840 | 05/02/2009 to 10/17/2009 | | $2,587.51 |
| | | | **TOTAL** | **$313,989.70** |

I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by

12/17/2011

Signed: _____

Employer Name and Address:

*Laundry Room Clothing*

*7130 Fenwick*

*Westminster, CA 92683*

* Column 4-Code

| | |
|---|---|
| FLSA | 1 |
| PCA | 2 |
| SCA | 3 |
| DBRA | 4 |
| CWHSSA | 5 |
| CCPA | 6 |
| FMLA | 7 |

Form WH-56

Page 2

Case ID: 1557352

EXHIBIT "A"

**EXHIBIT "A"**

Summary of Unpaid Wages

**U.S. Department of Labor** 
Employment Standards Administration

Wage and Hour Division



| ( Office Address) | San Diego, Orange Area Office | Investigator: | Date: |
| --- | --- | --- | --- |
| | 770 The City Drive South | Victor Rojas | |
| | Suite 5710 | | 12/17/2009 |
| | Orange, CA 92868-4954 | Employer Fed Tax ID Number | |
| | 714-621-1650 | 26-2060614 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
| --- | --- | --- | --- | --- |
| Luciano, Magdalena | 3200 W 5th st. # 911 Santa Ana, CA 92703 | 04/18/2009 to 10/17/2009 | | $6,447.00 |
| Martinez, Lucia | 2130 W Crescent Ave. #2100 Anaheim, CA 92801 | 05/02/2009 to 10/17/2009 | | $5,121.00 |
| Martinez, Maria A | 1008 French St. Apt.# C Santa Ana, CA 92701 | 05/02/2009 to 06/20/2009 | | $1,578.00 |
| McConico, Myan | 925 Washington PL., unit# 5 Long Beach, CA 90813 | 06/06/2009 to 09/19/2009 | | $1,215.00 |
| Mentado, Adelina | 17441 Koledo #E Huntington Beach, CA 92647 | 04/04/2009 to 08/15/2009 | | $6,768.75 |
| Miranda, Maricela | 614 South Center st Cerritos, CA 90703 | 04/04/2009 to 10/17/2009 | | $5,722.00 |
| Monico, Lucia | 10599 Court # 6 Stanton, CA 90680 | 05/16/2009 to 10/17/2009 | | $4,569.00 |
| Montero, Perla | 2800 W. 17th St. apt# 226 Santa Ana, CA 92706 | 04/18/2009 to 08/01/2009 | | $2,041.08 |
| Moralez, Josefina | 8860 Cerritos Ave. #23 Anaheim, CA 92804 | 04/18/2009 to 10/17/2009 | | $3,668.00 |
| Munoz, Concepcion | 1809 W. Palais Rd. Anaheim, CA 92804 | 05/02/2009 to 10/17/2009 | | $5,217.00 |
| Nguyen, Phu | 13812 Pine St. Westminster, CA 92683 | 04/04/2009 to 08/15/2009 | | $2,243.13 |
| Nuñez, Maria | 821 S Flower Santa Ana, CA 92703 | 04/04/2009 to 10/17/2009 | | $8,293.00 |
| Olvera, Norma | 226 N. Gunther Santa Ana, CA 92703 | 05/02/2009 to 08/15/2009 | | $4,213.88 |
| Osorio, Pedro | 128 West Sirios Santa Ana, CA 92704 | 04/04/2009 to 10/17/2009 | | $5,967.00 |
| Padilla, Raul | 1722 N. Bush Santa Ana, CA 92706 | 04/18/2009 to 08/15/2009 | | $5,654.51 |
| Pedrasa, Imelda | 17372 Koledo Ln. # E Huntington Beach, CA 92647 | 05/02/2009 to 10/17/2009 | | $6,404.77 |

| | | TOTAL | $313,989.70 |
| --- | --- | --- | --- |

I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by

12/17/2011

Signed:

Employer Name and Address:

*Laundry Room Clothing*

*7130 Fenwick*

*Westminster, CA 92683*

* Column 4-Code

| FLSA | 1 |
| --- | --- |
| PCA | 2 |
| SCA | 3 |
| DBRA | 4 |
| CWHSSA | 5 |
| CCPA | 6 |
| FMLA | 7 |

Form WH-56

Page 3

EXHIBIT "A"

**EXHIBIT "A"**

# Summary of Unpaid Wages

**U.S. Department of Labor**
Employment Standards Administration

Wage and Hour Division



| (Office Address) San Diego, Orange Area Office<br>770 The City Drive South<br>Suite 5710<br>Orange, CA 92868-4954<br>714-621-1650 | Investigator:<br>*Victor Rojas* | | | Date:<br>*12/17/2009* |
|---|---|---|---|---|
| | Employer Fed Tax ID Number  26-2060614 | | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| Peralta, Guadalupe | 2816 West Revenswood Rd<br>Anaheim, CA 92804 | 04/18/2009<br>to   08/15/2009 | | $3,391.00 |
| Perez, Eloisa | 899 S Citron<br>Anaheim, CA 92805 | 05/16/2009<br>to   10/17/2009 | | $2,927.00 |
| Perez, Eloy | 4120 W. 5th Street Apt.# 6D<br>Santa Ana, CA 92703 | 02/07/2009<br>to   02/28/2009 | | $408.00 |
| Phan, An B | 15871 Garnet St.<br>Westminster, CA 92683 | 03/07/2009<br>to   08/15/2009 | | $6,636.00 |
| Ramirez, Guadalupe | 1016 Mission #A<br>Costa Mesa, CA 92626 | 06/06/2009<br>to   08/15/2009 | | $1,681.00 |
| Ramirez, Luis | 12896 Adelle St.<br>Garden Grove, CA 92841 | 04/18/2009<br>to   10/17/2009 | | $9,478.00 |
| Ramirez, Manuel H | 119 S. Magnolia #4<br>Anaheim, CA 92804 | 05/02/2009<br>to   07/04/2009 | | $3,099.74 |
| Raymundo, Olivia | 2276 Maple # C<br>Costa Mesa, CA 92627 | 04/18/2009<br>to   10/17/2009 | | $5,122.00 |
| Roblero, Rosalinda | 7032 Maple # 3<br>Westminster, CA 92683 | 04/18/2009<br>to   10/17/2009 | | $5,883.00 |
| Rodriguez, Maria | 8061 21 Street<br>Westminster, CA 92683 | 05/02/2009<br>to   08/01/2009 | | $4,071.52 |
| Ruiz, Juan Diego | 510 Mortimer #313<br>Santa Ana, CA 92701 | 03/21/2009<br>to   10/17/2009 | | $777.00 |
| Salas, Erica | 4080 W. First St. #287<br>Santa Ana, CA 92703 | 04/04/2009<br>to   09/19/2009 | | $2,492.00 |
| Samperio, Guadalupe | 17442 Dayview<br>Huntington Beach, CA 92647 | 04/18/2009<br>to   10/17/2009 | | $4,610.00 |
| Santana, Hector | 4109 W. 5th St. #B2<br>Santa Ana, CA 92703 | 06/20/2009<br>to   08/01/2009 | | $1,435.00 |
| Santillan, Cecilia | 10251 Fern Ave. # 446<br>Stanton, CA 90680 | 04/04/2009<br>to   10/17/2009 | | $8,098.00 |
| Silva, Miguel | 128 W Sirius<br>Anaheim, CA 92802 | 04/04/2009<br>to   10/17/2009 | | $6,789.27 |

I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by

12/17/2011

Signed:

Employer Name and Address:

*Laundry Room Clothing*

*7130 Fenwick*

*Westminster, CA 92683*

**TOTAL**  $313,989.70

* Column 4-Code
| | |
|---|---|
| FLSA | 1 |
| PCA | 2 |
| SCA | 3 |
| DBRA | 4 |
| CWHSSA | 5 |
| CCPA | 6 |
| FMLA | 7 |

Form WH-56

EXHIBIT "A"

EXHIBIT "A"

Summary of Unpaid Wages

**U.S. Department of Labor**
Employment Standards Administration

Wage and Hour Division



| ( Office Address) | San Diego, Orange Area Office<br>770 The City Drive South<br>Suite 5710<br>Orange, CA 92868-4954<br>714-521-1650 | Investigator:<br>*Victor Rojas* | | Date:<br>**12/17/2009** |
|---|---|---|---|---|
| | | Employer Fed Tax ID Number  26-2060614 | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| Tomas, Josefina | 2276 Maple # C<br>Costa Mesa, CA 92627 | 04/18/2009<br>to   10/17/2009 | | $5,614.29 |
| Trejo, Martha | 14392 Goldenwest # 3<br>Westminster, CA 92683 | 04/18/2009<br>to   10/17/2009 | | $6,846.76 |
| Vasquez, Gabriela | 816 Evalsam Ave. #B<br>Anaheim, CA 92805 | 04/18/2009<br>to   10/17/2009 | | $6,419.00 |
| Vasquez, Monica | 816 E. Balsam Ave.<br>Anaheim, CA 92805 | 04/18/2009<br>to   10/17/2009 | | $5,986.00 |
| Vasquez, Yolanda | 14041 Newland Street, #b12<br>Westminster, CA 92683 | 02/07/2009<br>to   02/28/2009 | | $176.00 |
| Vazquez, Guadalupe | 124 N East St. #182<br>Anaheim, CA 92805 | 04/04/2009<br>to   10/17/2009 | | $11,263.48 |
| Vazquez, Martha | 307 E Nardo<br>Anaheim, CA 92805 | 04/18/2009<br>to   10/17/2009 | | $6,406.00 |
| Vega, Carlos | 1227 2 W st.<br>Santa Ana, CA 92703 | 09/05/2009<br>to   10/17/2009 | | $1,321.88 |
| Vega, Geovany | 1227 W 2nd St<br>Santa Ana, CA 92703 | 04/18/2009<br>to   10/17/2009 | | $4,779.00 |
| Vega, Irene | 13852 La Pat Place #28<br>Westminster, CA 92683 | 05/02/2009<br>to   06/20/2009 | | $2,281.20 |
| Villaverde, Edgar | 4026 Fay Circle<br>Santa Ana, CA 92703 | 04/18/2009<br>to   10/17/2009 | | $4,335.00 |
| Villaverde, Valentin | 4026 Fay Circle<br>Santa Ana, CA 92707 | 07/18/2009<br>to   10/17/2009 | | $734.66 |
| Villeda, Carmen | 702 E. Santa Ana Blvd. #404<br>Santa Ana, CA 92701 | 04/04/2009<br>to   10/17/2009 | | $706.00 |
| Zaragoza, Antonio | 1208 W Claredge Dr.<br>Anaheim, CA 92801 | 04/04/2009<br>to   10/17/2009 | | $8,309.00 |
| Zarate, Susana | 2301 W. Elder Ave.<br>Santa Ana, CA 92704 | 05/02/2009<br>to   08/01/2009 | | $2,532.00 |
| | | | | |

| | | | TOTAL | $313,989.70 |
|---|---|---|---|---|

I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by

12/17/2011

Signed:

Employer Name and Address:

*Laundry Room Clothing*

*7130 Fenwick*

*Westminster, CA 92683*

* Column 4-Code

| | |
|---|---|
| FLSA | 1 |
| PCA | 2 |
| SCA | 3 |
| DBRA | 4 |
| CWHSSA | 5 |
| CCPA | 6 |
| FMLA | 7 |

Form WH-56

Date: 12/17/2009 4:47:35 PM          Case ID: 1557352          Page 5

EXHIBIT "A"

EXHIBIT "A"



## N O T I C E  TO  RESTRAIN THE SHIPMENT OF GOODS

TO: Milton K Kaneda                          Date: April 2, 2010
    DBA Laundry Room Clothing Inc
    7130 Fenwick  Westminster CA; 92683

The goods listed at Attachment A were found to have been made
in violation of the Fair Labor Standards Act and therefore are not
to be moved or shipped into Interstate Commerce.

The United States Department of Labor objects to the movement
of goods made in violation of Sections 6, 7, and/or 12 of the Fair
Labor Standards Act until complete restitution of the back wages
due to the employees involved in the production of such goods
has been made.

Any unauthorized movement or shipment of these goods may be
subject to legal action by the United States Department of Labor.

I, Milton K Kaneda  , fully understand the ramification attached
to the subject matter above and have agreed to not move, ship,
or allow any movement or shipment of the affected goods in
regards to the Department of Labor's objection.

Refused to Sign / milton K Kaneda )  /WL/  4-02-2010

Signature/ Date   4/2/2010              WHI Signature/Date
                                    Victor Ayala

President                                9/2/2010
Title                                    WHI Signature/Date
                                    Xochilt Basulto

EXHIBIT "B"

## EXHIBIT "A"

Attachment A

List of Goods:

1.  RN:97957
    S#TOBL708F      8000 Pieces

2.  S#J27G722F
    RN# 94981       8000 Pieces
    CA#4Q198

3.  Cut#905485      8000 Pieces
    S#J22G784

4.  RN#94981        24000 Pieces
    CA#40196

EXHIBIT "B"

EXHIBIT "A"

U.S. Department of Labor

Employment Standards Administration
Wage and Hour Division
770 The City Dr. S., Suite 5710
Orange, CA 92868
(714) 621-1650 Telephone
(714) 621-1655 Fax



| | | |
|---|---|---|
| Date: | April 2, 2010 | Case ID: 1578455 |
| Attention: | Milton K Kabada | |
| Firm Name: | Laundry Room Clothing Inc. | |
| Address: | 7130 Fenwick Ave. | |
| | Westminster, CA 92863 | |

This Department is conducting an investigation of your firm, under the authority contained in Section 11 of the Fair Labor Standards Act (FLSA) and has concluded that apparent violations of the minimum wage, overtime pay, and/or child labor requirements of the FLSA have occurred.

The FLSA generally prohibits any person or firm from transporting, shipping, delivering, or selling in interstate or foreign commerce (and from shipping, delivering, or selling with knowledge shipment, delivery, or sale in commerce is intended) any goods produced in violation of the minimum wage and/or overtime pay requirements of the FLSA. Similarly, it also prohibits shipment (or delivery for shipment) in commerce of any goods produced in an establishment in the United States if oppressive child labor, as defined under the FLSA, was employed in or about that establishment within the 30-day period prior to the removal of the goods from the establishment.

Due to apparent violations by your firm, this Department will contact firm(s) that may ship or sell the affected goods in commerce in violation of the FLSA. We will inform such firms of the requirements of the FLSA and the conclusion reached by this Department regarding apparent violations of the FLSA by your firm; and we will request that such firms voluntarily refrain from shipping and/or selling affected goods in violation of the FLSA.

You are being offered the opportunity to participate in such contacts by this Department with such firms, which may take place by personal conference or by telephone. Please check one of the two boxes below, to indicate whether you want to participate in such contacts (and, if so, show a telephone number where we can readily reach you during normal business hours for this purpose); and then please sign, date, and return this form.

☑ I wish to participate in such contacts between the U.S. Department of Labor and the firm(s) that may sell or ship goods on which my firm has worked.

☐ I do not wish to participate in such contacts between the U.S. Department of Labor and the firm(s) that may sell or ship goods on which my firm has worked.

| | | | |
|---|---|---|---|
| Signed: | M Kaneh | Date: | Apl. 2 2010 |
| Title: | Pres | | |
| Telephone: | 323 888 9300 | | |
| Witness: | | | |

GARMENT SURVEY (REV. 02/22/2005)

EXHIBIT "B"

EXHIBIT "A"

U.S. Department of Labor

Employment Standards Administration
Wage and Hour Division
San Diego District Office, Orange Area Office
770 The City Dr. S. Suite 5710 Orange CA 92868
(714) 621-1650 Telephone
(714) 621-1655 Fax



| | |
|---|---|
| Date: | April 2, 2010 |
| Attention: | Milton Kaneda |
| Firm Name: | Laundry Room Clothing Inc |
| Address: | 7130 Fenwick Ave. |
| | Westminster CA 92683 |

Case ID:  1578455

To conclude this Department's investigation of your firm, you are required to produce certain records. Such records are necessary to determine your compliance with the Fair Labor Standards Act and the Immigration Reform and Control Act. You are advised that, where appropriate, records will be shared with the California Division of Labor Standards Enforcement. The records required at this time are as follows and should cover the period from:

12/01/2009   to   04/05/2010

[X]  Time and Payroll records including: time cards/sheets, payroll journals/registers and piece tickets and any cash receipts;

[X]  Names, Addresses and Social Security Numbers of all employees including names of any homeworkers and/or independent contractors;

[X]  All contracts, shipping and receiving records including bills-of-lading invoices and delivery records; work orders All Retailers' information and their points of Contact.

[X]  Immigration Forms I-9

[X]  List of names of employees who are owed wages for period December 01, 2009 to April 5, 2010

The inspection of these records is authorized under Title 29 Code of Federal Regulations, Part 516 (29 CFR 516). Whenever such records are maintained at a record keeping facility distinct from the place of employment, the records must be produced within 72 hours following notice of their production (29 CFR 516.7).

Please have the indicated records available for inspection at:

| 04/07/2010 | 10:00 AM | Orange Area Office |
|---|---|---|
| Date | Time | Location |

Respectfully,

Victor M Rojas
Wage and Hour Investigator

EXHIBIT "B"

GARMENT SURVEY (REV. 07/22/2005)

EXHIBIT "A"

Laundry Room Clothing Inc.          Case ID:1578455

| | Number of Employees | Regular Wages | Overtime wages | Total wages owed |
|---|---|---|---|---|
| February 16 2010 -February 28 2010 | 44 | 26,227.62 | $8,453.33 | 34,680.95 |
| March 1, 2010 - March 15, 2010 | 30 | $19,520 | $43,920 | $63,440 |
| March 16, 2010 - March 31, 2010 | 49 | $52,290 | $30,370 | $82,660 |

EXHIBIT "C"

EXHIBIT "A"

Hot Goods Not Yet Shipped by Laundry Room Clothing, Inc.

Goods produced by LRC employees during weeks of 2/16/10 to 3/31/10:

| Style[1] # | RN[2]# | Description/Label | Cut[3]# | No. of Pieces |
|---|---|---|---|---|
| 213B736F | | White shirt/Forever 21 | F125 | 3000 |
| T08L708F | 97957 | Dark Shirt/Ross | | 8000 |
| J27G722f | 94981 | Green sweater/ Forever 21 | 40198 | 3000 |
| P30G722F | | Green Short | | |
| 1003000D | 97957 | White shirt | 01414 | |
| 237M278B | 94981 | White shirt w/blue red dots | 04988 | |
| AS14042 | | | 4435 | 254 |

---

[1] A Style Number refers to a number assigned by LRC (or any other manufacturer) to a particular clothing design.
[2] An "RN Number" is a Registration Number issued by the U.S. Federal Trade Commission upon application from a garment manufacturer.
[3] A lot number refers to the number of times that the cutter cut the particular style for the manufacturer. A lot number is sometimes known as a "cut number."

EXHIBIT "D"

# EXHIBIT "A"

1  LAWRENCE BREWSTER
   Regional Solicitor
2  DAVID M. KAHN
3  Counsel for Employment Standards
   JOSEPH M. LAKE
4  Trial Attorney
5  **LEON PASKER**
6  pasker.leon@dol.gov
   *Government Attorney*
7  Office of the Solicitor
8  U.S. DEPARTMENT OF LABOR
9  90 Seventh Street, Suite 3-700
   San Francisco, CA 94103
10 Telephone: (415) 625-7758
11 Facsimile: (415) 625-7772

12 Attorneys for Plaintiff

13                    **UNITED STATES DISTRICT COURT**

14                   **CENTRAL DISTRICT OF CALIFORNIA**

15

16 HILDA L. SOLIS, Secretary of Labor,   )   **CV10-2805 AHM (PJWx)**
17 United States Department of Labor,     )   Case No. _____
                                          )
18              Plaintiff,                )
                                          )
19 v.                                     )   DECLARATION OF ATTORNEY
                                          )   LEON PASKER REGARDING
20 LAUNDRY ROOM CLOTHING,                 )   NOTICE IN SUPPORT OF
21 INC., a corporation; MILTON            )   PLAINTIFF'S APPLICATION
   KANEDA, an individual; SHARON          )   FOR TEMPORARY
22 KANEDA, an individual;                 )   RESTRAINING ORDER AND
23                                        )   PRELIMINARY INJUNCTION
                                          )
24              Defendants.               )
                                          )
25

26

27

28
                                      -1-

**EXHIBIT "B"**

Now comes Leon Pasker, and states as follows:

I am employed by the U. S. Department of Labor, Office of the Solicitor, Region IX, 90 7th Street, Suite 3-700, San Francisco, California, 94103 and I am one of the attorneys for the Plaintiff in the above-captioned matter.

2.    I am filing, on behalf of the Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, the Complaint in the above captioned matter.

3.    Unless the Court immediately restrains the defendant from violating Sections 6, 7, and 15(a)(1) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 206, 207, and 215(a)(1), and from placing into the stream of commerce goods having been tainted by violations of the FLSA, immediate and irreparable injury to the public interest will result.

4.    Pursuant to F.R.Civ.P. 65, I hereby state to the Court that based on information received by the Plaintiff in her investigation, I am informed and believe that there is a substantial likelihood that, if notice were to be given the Defendants of the Secretary's intention to seek a temporary restraining order, the Defendants would place the tainted goods into interstate commerce. Therefore, because of the danger that the tainted goods would be shipped, sold, or otherwise placed in interstate commerce if prior notice of this application was given to the Defendants, no such notice has been given.

5.    No other provisional remedy has been secured or sought in this action, and no previous application for the same or similar relief has been made.

/ / / /
/ / / /
/ / / /

-2-

DECLARATION OF ATTORNEY LEON PASKER REGARDING NOTICE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**EXHIBIT "B"**

1    6.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under

2    the laws of the United States of America that the foregoing is true and correct.

3

4    Dated: April 15, 2010.

5                                          LEON PASKER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

DECLARATION OF ATTORNEY LEON PASKER REGARDING NOTICE IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**EXHIBIT "B"**

LAWRENCE BREWSTER
Regional Solicitor
DAVID M. KAHN
Counsel for Employment Standards
JOSEPH M. LAKE
Trial Attorney
**LEON PASKER**
pasker.leon@dol.gov
*Government Attorney*
Office of the Solicitor
U.S. DEPARTMENT OF LABOR
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7758
Facsimile: (415) 625-7772

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | **CV10-2805 AHM (PJWx)** Case No. _____ |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN |
| v. | SUPPORT OF PLAINTIFF'S APPLICATION FOR |
| LAUNDRY ROOM CLOTHING, INC., a corporation; MILTON KANEDA, an individual; SHARON KANEDA, an individual; | TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**EXHIBIT "C"**

1  Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of

2  Labor, (the "Secretary"), respectfully submits this memorandum of law in support

3

4  of her application for a temporary restraining order and a preliminary injunction

5  restraining and enjoining Defendants Laundry Room Clothing, Inc., Milton

6

7  Kaneda, and Sharon Kaneda (together "Defendants") from violating section

8  15(a)(1) of the Fair Labor Standards Act of 1938, as amended, (hereinafter "the

9  Act" or "the FLSA"), 29 U.S.C. § 215(a)(1), by transporting, offering for transpor-

10

11  tation, shipping, delivering, or selling in commerce goods produced by employees

12  who were employed in violation of Sections 6 and 7 of the Act, 29 U.S.C. §§ 206-

13  207.[1]

14

15  Due to the nature of the Defendants' violations of the Act, time is of the es-

16  sence. Irreparable injury, loss, or damage may result if the defendants are not im-

17

18  mediately enjoined and restrained, as requested herein, before a hearing on the

19  merits. The facts pertinent to this motion are set out in the Declaration of Victor

20

21

22  [1]  Section 3 of the Act defines a number of terms which appear throughout the Act. For the convenience of the Court some of the relevant definition are herein set forth: "Person" means an individual, partnership, association,

23  corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or be-

24  tween any State and any place outside thereof." 29 U.S.C. § 203(b). "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employ" in-

25  cludes to suffer or permit to work." 29 U. S. C. § 203 (g). "Goods" means goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any

26  ingredient thereof." 29 U.S.C. § 203(i). "Produced" means produced, manufactured, mined, handled, or in any manner worked on in any State; and for the purposes of this Act an employee shall be deemed to have been engaged

27  in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly es-

28  sential to the production thereof, in any State." 29 U.S.C. § 203 (j). "Sale" or "sell" includes any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." 29 U.S.C. § 203(k).

2

**EXHIBIT "C"**

1   Rojas in Support of Plaintiff's Application for Temporary Restraining Order and

2   Preliminary Injunction.

3

4                                          ARGUMENT

5

6   A.      Applicable Law

7        The goal of the FLSA is "to outlaw from interstate commerce goods pro-

8   duced under conditions that fall below minimum standards of decency." *Tony &*

9   *Susan Alamo Foundation*, 471 U.S. at 296, 105 S. Ct. at 959. Section 6 of the Act

10

11  forbids an employer from allowing an employee engaged in commerce or in the

12  production of goods for commerce, or is employed in an enterprise engaged in

13

14  commerce or in the production of goods for commerce to work for less than the

15  federal minimum wage of $7.25 per hour. 29 U.S.C. § 206. Section 7(a)(1) of the

16

17  Act forbids an employer from allowing an employee engaged in commerce or in

18  the production of goods for commerce, or is employed in an enterprise engaged in

19

20  commerce or in the production of goods for commerce to work in excess of forty

21  hours a week, unless the employee receives overtime compensation equivalent to

22

23  one and one-half times the employee's regular hourly rate.

24        Section 15(a)(1) of the Act, the so-called "hot goods" provision provides,

25  *inter alia*, that:

26

27

28

---

                                              3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

                                    **EXHIBIT "C"**

"[I]t shall be unlawful for any person --

(1) to transport, offer for transportation, ship, deliver, or sell in commerce, or

to ship, deliver, or sell with knowledge that shipment or delivery or sale

thereof in commerce is intended, any goods in the production of which any

employee was employed in violation of [Section 6 or Section 7 of the Act]."

29 U.S.C. §215(a)(1).   Section 15(b) of the Act provides:

"For the purposes of subsection (a)(1) proof that any employee was em-

ployed in any place of employment where goods shipped or sold in com-

merce were produced, within ninety days prior to the removal of the goods

from such place of employment, shall be *prima facie* evidence that such em-

ployee was engaged in the production of such goods."

29 U.S.C. §215(b).

The enforcement of the "hot goods" provisions "is not simply a means to en-

forcement of other statutory goals; it is itself a central purpose of the [Act]." *Citi-*

*corp Indus. Credit, Inc. v. Brock*, 483 U.S. 27, 36 at fn. 8, 107 S.Ct. 2694, 2700 at

fn. 8, 97 L.Ed.2d 23 (1987); *Reich v. Sung Do International, Inc.*, 129 CCH Labor

Cases ¶33,193, at p. 47,191 (C.D. Calif., 1994, J. Real).   The Supreme Court has

emphasized that enforcement of this "hot goods" provision of the Act "eliminate[s]

the competitive advantage enjoyed by goods produced under substandard condi-

tions." *Citicorp*, 483 U.S. at 36, 107 S.Ct. at 2700; *Sung Do* 129 CCH Labor Cases

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**EXHIBIT "C"**

at p. 47,191.  In short, an action to enforce the Section 15(a)(1) prohibition is brought not to compel some person "to pay the statutory wages or to put pressure on the defaulting producer to pay such wages, but to keep the tainted goods from entering the channels of interstate commerce." *Citicorp*, 483 U.S. at 38, 107 S.Ct. at 2701; *see Brock v. Rusco Industries, Inc.*, 842 F.2d 270, 272 (11th Cir., 1988). Indeed, more than 50 years ago, the Supreme Court recognized that:

> The motive and purpose of [Section 15(a)(1) of the Act] is plainly to make effective the Congressional conception of public policy that interstate commerce should not be made the instrument of competition in the distribution of goods produced under substandard labor conditions, which competition is injurious to the commerce and to the states from and to which the commerce flows.

*U.S. v. Darby*, 312 U.S. 100, 115, 61 S. Ct. 451, 457, 85 L.Ed. 609 (1941).

If an employee produces goods for the employer in violation of these provisions, those "hot goods" are tainted pursuant to Section 15 of the Act.  29 U.S.C. § 215.  Furthermore, where goods produced in violation with the Act are commingled with goods produced in conformity with the Act, Section 15(a)(1) applies to all the commingled goods.  The burden of disentangling them, if indeed that is possible, is properly put on the employer and any other defendants. *See Southern Ad-*

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**EXHIBIT "C"**

1   *vance Bag & Paper Co., Inc. v. U.S.*, 133 F.2d. 449, 450 (5th Cir., 1943), *cited*
2
3   *with approval in Dickenson v. U.S.*, 353 F.2d 389 (9th Cir., 1965); *see also U.S. v.*
4   *United Wrecking Corp.*, 197 F. Supp. 410, 413 (E.D. Pa. 1961).

5
6        Allowing employers to continue to receive the benefit of selling and ship-
7   ping such goods in commerce would:

8
9        "result in the immediate and irreparable injury or damage to plaintiff and the
10       public interest in that such shipment and movement of goods will make use
11
12       of the channels and instrumentalities of interstate commerce to spread and
13       perpetuate an unfair method of competition and interfere with the orderly
14       and fair marketing of goods in commerce."
15
16  *Ford v. Ely Group, Inc.*, 621 F. Supp. 22, 26-27 (W.D. Tenn., 1985), *aff'd* 788 F.2d
17  1200 (6th Cir., 1986), *aff'd sub nom. Citicorp*, 483 U.S. at 32, 107 S.Ct. at 2698.
18
19       **B.   A Temporary Restraining Order and Preliminary Injunction is**
20            **Authorized and Appropriate**
21
22       "When the Government acts to enforce a statute…, the standard of the public
23  interest and not the requirements of private litigation measure the propriety and
24  need for injunctive relief."  *U.S. v. Ingersoll-Rand Company*, 218 F. Supp. 530,
25
26  545 (W.D. Pa. 1963) *aff'd* 320 F.2d 509 (3rd Cir. 1963); *see also S.E.C. v. Unifund*
27  *SAL*, 910 F.2d 1028, 1035-1036 (2nd Cir. 1990), *rehear. denied*, 917 F.2d 98 (2nd
28

**EXHIBIT "C"**

Cir. 1990). As such, "when a statute contains, either explicitly or implicitly, a finding that violations will harm the public, the courts may grant preliminary equitable relief on a showing of a statutory violation without any additional showing of irreparable harm." *Government of the Virgin Islands v. Virgin Islands Paving, Inc.*, 714 F.2d 283, 286 (3rd Cir. 1983). In balancing the hardship that may or may not result from issuance of injunctive relief, the public interest is "entitled to great consideration." *United States v. Caribbean Ventures, L.T.D.*, 387 F. Supp. 1256, 1257-1258 (D. N.J. 1974).

Further, the authority of this Court to grant injunctive relief under the Act, as requested, is clear. The request is made pursuant to Section 17 of the Act itself, which provides in pertinent part that "The district courts...shall have jurisdiction, for cause shown, to restrain violations of section 15 [of the Act]." Without restraint by this Court, Defendants will be permitted to put into commerce an "instrument of competition in the distribution of goods produced under substandard labor conditions, which competition is injurious to the commerce and to the state to which the commerce flows." *Darby*, 312 U.S. at 115, 61 S.Ct. at 457. Thus, an order requiring the actual removal of this "contraband" from the stream of commerce is necessary if "a central purpose of the [Act]" is not to be defeated. *Citicorp*, supra, 483 U.S. at 36-39, 107 S.Ct. at 2700-02.

7

**EXHIBIT "C"**

*1.     Plaintiff is Likely to Prevail on the Merits*

The instant action is brought to restrain placing into commerce tainted goods stored in and at the facilities of Defendants.  This action is being brought against the owners and present possessors of the tainted goods, Defendants Laundry Room Clothing, Inc., Milton Kaneda, the firm's owner, and Sharon Kaneda, a principal. There is a substantial likelihood that the Government will prevail on the merits and prove that employees of Defendants were not paid at all from at least February 16 to March 31, 2010, and therefore the goods produced during this period are tainted.

As stated in the Declaration of Wage and Hour Investigator Victor Rojas submitted in support of the Secretary's Application, Wage and Hour received complaints of unpaid wages from employees of Defendants on March 25, 2010. Wage and Hour's investigation revealed that Defendants failed to pay approxi-mately $180,780 in wages from February 16 to March 31, 2010.  Wage and Hour cannot compute the exact amount due employees because of Defendants' failure to provide complete records to the Secretary.

Defendants were advised on April 2, 2010, of their obligation not to ship the tainted goods produced during this time period by employees in violation of the minimum wage and overtime provisions of Sections 6 and 7 of the Act, yet when Investigator Rojas visited the subject premises on April 13, 2010, he saw "hot goods" on a shipping pallet near the warehouse exit.  Then, on April 14, 2010,

8

**EXHIBIT "C"**

1   Jesse Atilano, a representative of Defendants, told Wage and Hour that Defendants

2   would not agree to refrain from shipping these tainted goods. Moreover, Defen-

3
    dants' records and interviews with employees show that some of these "hot goods"
4

5   have already been shipped. For example, on January 13, 2010, Investigator Rojas

6
    informed Kaneda of Wage and Hour's objection to shipment of goods pursuant to
7

8   the hot goods provision of the FLSA. Notwithstanding Wage and Hour's objection

9
    to shipment, Defendants shipped the hot goods to clients. (See Declaration of In-
10

11  vestigator Rojas as ¶ 13).

12      There is no dispute that goods under the control of the manufacturer are to

13
    be shipped, and have in the past been shipped, in interstate commerce. It is readily
14

15  apparent that immediate shipment of the "hot goods" in interstate commerce is

16
    contemplated by the owner of those goods. As explained in the Declaration of In-
17

18  vestigator Rojas, Defendants have in the past disregarded the obligation imposed

19
    by law to refrain from selling or shipping "hot goods" in commerce and there is no
20

21  reason to believe this will not imminently recur.

22
        Allowing Defendants to ship these goods:
23

24  "will result in the immediate and irreparable injury or damage to plaintiff

25
        and the public interest in that such shipment and movement of goods will
26

27      make use of the channels and instrumentalities of interstate commerce to

28

9

**EXHIBIT "C"**

1   spread and perpetuate an unfair method of competition and interfere with the

2   orderly and fair marketing of goods in commerce."

3

4   *Ford v. Ely Group, Inc.*, 621 F.Supp. at 26-27.

5

6   //

7   //

8

9   //

10

11  //

12

13  //

14  //

15

16  //

17  //

18

19  //

20

21  //

22  //

23

24  //

25

26  //

27

28  //

10

**EXHIBIT "C"**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

The Secretary's Application for a Temporary Restraining Order and Preliminary Injunction should be granted.  A proposed form of order for each order are filed concurrently herewith; and the original and copies of each are lodged herewith for use by the Court in granting the Application.

Respectfully submitted,

Dated: April /5, 2010

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DAVID M. KAHN
Counsel for Employment Standards

JOSEPH M. LAKE
Trial Attorney

LEON PASKER
Trial Attorney

Attorneys for Plaintiff, Secretary of Labor,
the United States Department of Labor

11

**EXHIBIT "C"**

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   CV 10-2805 AHM (PJWx)          Date   April 23, 2010

Title      HILDA SOLIS v. LAUNDRY ROOM CLOTHING INC. *et al.*

| | | |
|---|---|---|
| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: |

Proceedings:       IN CHAMBERS (No Proceedings Held)

This Court, having duly considered Plaintiff's Complaint, having issued a Temporary Restraining Order, having had a hearing today, and good cause having been shown therefor,

IT IS THEREFORE ORDERED AND DECREED that:

1.   The Defendants, and each of them, are hereby preliminarily enjoined and restrained:

  a.   From violating the provisions of Sections 6 and 15(a)(2) (regarding minimum wages), Sections 7 and 15(a)(2) (regarding overtime pay), Sections 11 and 15(a)(5) (regarding recordkeeping), and Section 15(a)(1) (regarding selling or shipping in commerce goods produced in violation of Sections 6 and/or 7) of the Fair Labor Standards Act of 1938 (hereinafter the "Act" or the "FLSA"), as amended, 29 U.S.C. § 201, *et seq.;* and

  b.   From (specifically in addition to the foregoing) transferring, releasing, disposing of, or attempting to dispose of, liquidating, divesting, removing, allowing the removal of, or attempting to remove from the premises of Defendants at 7130 Fenwick Avenue, Westminster, California 92683 (hereinafter called the subject premises) any goods or materials (including, without limitation, any raw product, materials, supplies, partially-completed product, finished product, or any goods (as defined by Section 3(i) of the Act)) produced between February

### EXHIBIT "D"

O

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-2805 AHM (PJWx) | Date | April 23, 2010 |

| | |
|---|---|
| Title | HILDA SOLIS v. LAUNDRY ROOM CLOTHING INC. *et al.* |

16,2010 and March 31, 2010, as well as any goods produced thereafter for which full, complete, and timely payment to employees has not been made, now on the subject premises or at any other location to which all or some of the foregoing goods or materials may have been previously removed from the subject premises.

2.      The Plaintiff is exempt from posting security (under Fed. R. Civ. P. 65(c)), as an officer of the United States.


IT IS SO ORDERED.


|  |  |
|---|---|
| Initials of Preparer | SMO |

**EXHIBIT "D"**

1  LAWRENCE BREWSTER
   Regional Solicitor
2  DAVID M. KAHN
3  Counsel for Employment Standards
   JOSEPH M. LAKE
4  Trial Attorney
5  **LEON PASKER**
   pasker.leon@dol.gov
6  *Government Attorney*
7  Office of the Solicitor
   U.S. DEPARTMENT OF LABOR
8  90 Seventh Street, Suite 3-700
9  San Francisco, CA 94103
   Telephone: (415) 625-7758
10 Facsimile: (415) 625-7772
11
12 Attorneys for Plaintiff

13 ### UNITED STATES DISTRICT COURT

14 ### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15 | HILDA L. SOLIS, Secretary of Labor,    )   Case No. CV10-2805 AHM (PJWx)
16 | United States Department of Labor,     )
17 |                                         )   ORDER ALLOWING PARTIAL
   |            Plaintiff,                   )   STAY OF PRELIMINARY
18 |                                         )   INJUNCTION
   | v.                                      )
19 |                                         )
20 | LAUNDRY ROOM CLOTHING,                 )   Hon. A Howard Matz
   | INC., a corporation; , et al.,          )
21 |                                         )
   |            Defendants.                  )
22 |                                         )
23 |                                         )

24

25     This Court having duly considered the Plaintiff's Complaint and the

26

27 accompanying Application for Temporary Restraining Order and for Preliminary

28                                                                    - 1 -

ORDER ALLOWING PARTIAL STAY OF PRELIMINARY INJUNCTION
**EXHIBIT "E"**

Injunction, including the supporting Memorandum of Points and Authorities and Declarations, as well as any other papers on file herein, and good cause having been shown therefore,

IT IS THEREFORE ORDERED AND DECREED that

1)   The Preliminary Injunction ordered by the Court on April 23, 2010, is hereby partially stayed to allow the Defendants to transport, offer for transportation, ship, deliver, or sell in commerce, or ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, or otherwise placing in commerce, goods produced by employees who were employed in violation of Sections 6, 7, and 15(a)(2) of the Act, 29 U.S.C. §§ 206, 207, 215 during the period from February 16, 2010, to March 31, 2010; and

2)   All other terms of the Preliminary Injunction dated April 23, 2010 shall remain in full force and effect until dissolved by the Court.

IT IS SO ORDERED.

DATED: May 04, 2010

_____
UNITED STATES DISTRICT JUDGE

- 2 -

ORDER ALLOWING PARTIAL STAY OF PRELIMINARY INJUNCTION
**EXHIBIT "E"**